[Crim. No. 3509.   Second Dist., Div. Two.   Mar. 2, 1942.]

THE PEOPLE, Respondent, v. MORRIS STEIN, Appellant.

Nathan O. Freedman for Appellant.

Earl Warren, Attorney General, and Alberta Belford, Deputy Attorney General, for Respondent.

WOOD (W. J.), J.—At a jury trial defendant was found guilty of robbery, burglary and assault with a deadly weapon. He has appealed from the judgments and from the order denying his motion for a new trial.

Defendant makes three assignments of error: That the evidence is insufficient to support the convictions; that the trial court erred in admitting in evidence a photograph of a man not on trial; and that the prosecutor was guilty of misconduct in addressing the jury.

At about midnight on the night of March 13, 1940, Mr. and Mrs. Fred Berrens returned to an apartment on Shoreham Drive in Los Angeles. They unlocked and opened the door of the apartment, switched on the light and were confronted by two bandits armed with revolvers. Mrs. Berrens was robbed of jewelry of the approximate value of $6500. At the trial both Mr. and Mrs. Berrens identified defendant as one of the two bandits who had robbed them. This testimony is sufficient to sustain the verdicts. Defendant's criticism of the identifications, directed mainly to alleged discrepancies in the description of the two bandits and the clothing they wore, was for the consideration of the triers of fact, whose duty it was to pass upon the strength or weakness of the identifications. We find nothing in the attack on the identifications which would justify a reversal by a reviewing court.

During the course of her testimony Mrs. Berrens described the appearance of both bandits. On being shown

a photograph of one Alfred Weisenberger she stated that the photograph was that of the other man taking part in the robbery. This second bandit had not been apprehended up to the time of the trial. The court did not err in permitting the witness to testify concerning the photograph. Undoubtedly a description of the appearance of the second bandit was proper, and if he had been present in the courtroom her testimony pointing him out as the second bandit would have been proper. The use of the photograph was a proper method for describing the second bandit. (*People* v. *Smith,* 215 Cal. 749, 761 [12 Pac. (2d) 945].)

During his argument to the jury the prosecutor stated: "After the crime has been reported, the officers assigned to the particular case make an investigation, and photographs are shown to the victim and the victim says, yes, that is the man. That is the time the identification was made of the defendant, and not now, as Mr. Freedman would have you believe." Defendant now asserts that "the record is silent as to any identification of appellant by any pictures whatsoever," and argues that the prosecutor was guilty of misconduct in making the statement to the jury. The reporter's transcript discloses that when the witness Fred Berrens was describing the appearance of the bandits who had robbed the apartment he gave this testimony: "Q. Have you seen any pictures of Mr. Stein? A. Yes. Q. How many? A. I believe two. Full face and profile. Q. Have you ever seen him in person other than today since then? A. No." From this testimony it could properly be argued that defendant had been identified by a photograph prior to the trial. The prosecutor had the right to present to the jury his views of the proper deductions or inferences to be drawn from the evidence.

The other assignments of misconduct on the part of the prosecutor during his argument to the jury are not of sufficient importance to justify an extended discussion. The prosecutor did not in any instance exceed the bounds of legitimate argument.

The judgments and the order denying a new trial are affirmed.

Moore, P. J., and McComb, J., concurred.