[Crim. No. 4052. First Dist., Div. Three. Mar. 27, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. GEORGE JOSEPH HARDERS, Defendant and Appellant.

George Joseph Harders, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny and Derald E. Granberg, Deputy Attorneys General, for Plaintiff and Respondent.

SALSMAN, J.—The defendant was convicted of robbery (Pen. Code, § 211) and conspiracy to commit robbery (Pen. Code, § 182). Three prior felony convictions were charged and admitted. The defendant appeals from the judgment.

At the trial the defendant was represented by court appointed counsel, but trial counsel refused representation of defendant on appeal; this court thereupon appointed counsel to represent defendant, and counsel so appointed made an examination of the record, communicated with defendant, and later advised both the defendant and this court there was no merit in defendant's appeal. Counsel thereupon requested permission to withdraw and permission was granted. This court then reviewed the record and declined to appoint other counsel for defendant. (See *People* v. *Brown*, 55 Cal.2d 64,

73-74 [9 Cal.Rptr. 816, 357 P.2d 1072].) The defendant's briefs are presented in propria persona.

We have examined the record and find no error requiring a reversal of the judgment.

A summary of the evidence shows that on Christmas Eve, December 24, 1960, shortly before closing time at 7 p. m., the Purity Store in the Linda Mar Shopping Center, San Mateo County, was held up. The holdup was perpetrated by two men, a younger man identified by several witnesses as Kenneth Lawrence Simon, and an older man identified by several witnesses as the appellant George Joseph Harders.

After entering the store, the two holdup men separated and the younger asked one of the clerks where the cranberry sauce was located. He took two cans and walked to the front of the store, placed the cans on a check stand and walked to the entrance of the store. Shortly thereafter, he produced a revolver and announced, ''This is a stickup.''

About the same time, the older man, the appellant, herded the rest of the help toward the front of the store. The appellant was also armed. The younger man, Simon, then ordered the receipts placed in a bag and took possession of it after this had been done. In all, the receipts consisted of about $1,800 of which some $1,300 was in cash.

The appellant also attempted to get someone to open the safe but accepted the explanation that the manager was absent and that he was the only person who could open the safe. Following this, the victims were ordered to go to the back of the store and to face a frozen food cabinet which ran along the back of the store. While they waited there, the bandits made their escape.

As a part of the robbery investigation, Chief of Police Neil H. Tremaine, of the Pacifica Police Department, made a search of the appellant's room in a hotel located in San Francisco on Fillmore Street. The appellant had refused them permission to make the search so a warrant was procured. In the course of the search, the police found a gun, a shirt, a hat and a jacket.

The gun was identified as similar to the one carried by the appellant during the robbery. The shirt and the hat were identified as being similar to the shirt and hat worn by Simon on the night of the robbery. The jacket was identified as being similar to the one worn by the appellant on the night of the robbery.

On the night of January 8, 1961, a police officer for the City of San Bruno, and an agent of the F.B.I. were staked out in San Bruno watching a house rented by the other holdup man, Simon. During the course of the evening, at about 8:15 p. m., the appellant drove a car by the home, parked some 400 feet away, even though there were parking spaces in front of the house, and walked back to the house. He entered the house which was dark and unoccupied, turned on a light and walked back out.

When questioned at his car a few minutes later, he said he had come to visit some friends; however, he could produce no names or addresses. He was then placed under arrest. At the time of his arrest, the appellant gave a false name.

At the time of trial, the appellant did not take the stand in his own defense. He produced one alibi witness who had shared a cell with him in the county jail during the month of February after his arrest.

The defendant first contends there was an error in the verdict. The jury returned a verdict finding defendant guilty of robbery "as charged in Count I" of the indictment, and a second verdict finding defendant guilty of conspiracy "as charged in Count II" of the indictment. The original indictment was in four counts; the first count charged defendant and his accomplice, Simon, with the robbery here in question. Counts II and III charged other persons with other robberies, and Count IV charged defendant, Simon and those persons named in Counts II and III with conspiracy to commit robbery. Prior to trial defendant's motion for a separate trial was granted. At trial, and out of the presence of the jury, and by consent of defendant and his counsel, the indictment was amended so as to delete the names of the persons charged in Counts II and III, and as so amended the defendant stood charged in Count I with robbery and in Count IV with conspiracy. The jury found defendant guilty, by separate verdicts, of both robbery and conspiracy. The fact that the conspiracy verdict referred to Count II of the indictment is immaterial, and did not render the verdict invalid. The form of the verdict is unimportant where as here the jury has unmistakably expressed its intention to convict the defendant of the crime of conspiracy. (*People* v. *Mercado,* 59 Cal. App. 69 [209 P. 1035]; *People* v. *McKinney,* 71 Cal.App.2d 5 [161 P.2d 957].) Moreover, when the verdicts were returned, defendant's counsel pointed out the numerical inconsistency but made no objection to the correction of the record to show

that Count II in the verdict form referred to Count IV of the indictment.

The court admitted into evidence a picture identified as a photograph of defendant's accomplice Simon, and also received in evidence a gun and items of clothing found in defendant's apartment. There was no error in this. There was no objection made to any of this evidence as it was introduced. ■ The use of a photograph is a proper method of identifying and describing an accomplice. (*People* v. *Stein*, 50 Cal.App.2d 289 [122 P.2d 932].) ■ The gun was identified as one similar to that used in the robbery and was properly admitted in evidence. (*People* v. *Richardson*, 74 Cal.App.2d 528-540 [169 P.2d 44].) The items of clothing were also links in the chain of identification and were properly received in evidence. (*People* v. *Beltowski*, 71 Cal.App.2d 18, 21-22 [162 P.2d 59].)

■ Defendant also contends that the district attorney was guilty of misconduct in his argument to the jury. This claim is devoid of any substance. It is true that the district attorney did comment upon defendant's failure to take the witness stand and explain or deny any of the evidence introduced against him. This was permissible and proper comment. (Cal. Const., art. I, § 13; Pen. Code, § 1323;] *People* v. *Adamson*, 332 U.S. 46 [67 S.Ct. 1672, 91 L.Ed. 1903, 171 A.L.R. 1223]; 27 Cal.2d 478 [165 P.2d 3].)

Defendant also argues in his brief that he was not effectively represented by counsel. From an examination of the record it is apparent that defendant's real complaint is that he did not receive an acquittal from the jury. His counsel cross-examined all prosecution witnesses, probed for inconsistencies in their testimony, presented defendant's alibi witness, and examined this witness at length and conscientiously argued defendant's case to the jury. There is no justification whatsoever for defendant's complaint that he was not carefully and properly represented by counsel in his trial.

Finally defendant seeks in his brief to argue matters which do not appear in the record. In support of this portion of his appeal he has filed a motion to present additional evidence pursuant to rule 23(b) of the Rules on Appeal. The motion has been considered by the court and is denied by this opinion. Here trial by jury was a matter of right and was accorded to the defendant. ■ Generally additional evidence will be received on appeal only where trial by jury is not a matter of right or has been waived, and application to produce such

evidence will be denied where jury trial was not waived. (*People* v. *McKinney,* 152 Cal.App.2d 332 [313 P.2d 163].) Moreover, had there been any merit in any of the contentions defendant now makes concerning matters not in the record, these should have been presented to the trial court in a motion for a new trial. We find no justification for departing from the general rule and we do not extend this opinion by an attempted refutation of claimed error which does not appear in the trial record.

The motion to present additional evidence is denied; the judgment is affirmed.

Draper, P. J., and Devine, J., concurred.

A petition for a rehearing was denied April 11, 1962, and appellant's petition for a hearing by the Supreme Court was denied May 23, 1962.