**Frank Joseph McCARTNEY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19672.**

United States Court of Appeals Ninth Circuit.

April 7, 1965.

Frank P. Meadows, Jr., Rocky Mount, N. C. (Meadows & Batts, Rocky Mount, N. C., on brief), for appellants.

George F. Lynch, Atty., Dept. of Justice (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Joseph Kovner, Attys., Dept. of Justice, and Robert H. Cowen, U. S. Atty., and Gerald L. Bass, Asst. U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BRYAN, Circuit Judge, and BUTZNER, District Judge.

See also 7 Cir., 311 F.2d 475.

Frank Joseph McCartney, in pro. per.

Cecil F. Poole, U. S. Atty., Sacramento, Cal., for appellee.

Before ORR, KOELSCH and ELY, Circuit Judges.

PER CURIAM.

While it may be argued that appointment of counsel in a proceeding to vacate sentence pursuant to 28 U.S.C. § 2255 is discretionary with the United States District Court in a case such as the one before us, we do not need to direct our attention to that question here. The District Court in this case exercised its judgment and appointed counsel to represent the prisoner, McCartney. Having thus determined that counsel should have been appointed, the District Court should have taken steps to insure effective representation.

Counsel apparently misconceived his role. It was his duty to honorably present his client's contentions in the light most favorable to his client. Instead he presumed to advise the court as to the validity and sufficiency of prisoner's motion, by letter. We therefore conclude that prisoner had no effective assistance of counsel and remand this case to the District Court with instructions to set aside the judgment, appoint new counsel to represent the prisoner if he makes no objection thereto, and proceed anew.

Reversed and remanded.