George J. HARDERS, Appellant,

v.

STATE OF CALIFORNIA, Appellee.

No. 20485.

United States Court of Appeals Ninth Circuit.

Jan. 25, 1967.

Rehearing Denied March 3, 1967.

George J. Harders in pro. per.

Thomas C. Lynch, Atty. Gen., of Cal., Doris H. Maier, Asst. Atty. Gen., Edsel

W. Haws, Deputy Atty. Gen., Sacramento, Cal., for appellee.

Before BARNES, JERTBERG, and ELY, Circuit Judges.

ELY, Circuit Judge:

Appellant is a California state prisoner. In a jury trial which followed his pleas of not guilty to the two offenses with which he was charged, he was convicted of robbery (Cal.Pen.Code § 211) and conspiracy to commit robbery (Cal. Pen.Code § 182). His trial commenced on April 24, 1961, and the jury returned its verdict on the following day. A notice of appeal was filed on May 5, 1961, and California's intermediate appellate court affirmed the conviction on March 27, 1962. People v. Harders, 201 Cal. App.2d 795, 20 Cal.Rptr. 595. A petition for rehearing of the appeal was denied on April 11, 1962, and a petition for hearing by California's Supreme Court was denied on May 23, 1962. Thereafter appellant attempted, in various petitions for writs of habeas corpus, to obtain relief in the California state courts. All of these petitions were denied, and the Supreme Court, on November 16, 1964, denied an application for writ of certiorari by which appellant sought review of the denial by the Supreme Court of California of his petition for the writ. Thereafter, on June 18, 1965, appellant filed his petition for writ of habeas corpus in the court below. 28 U.S.C. § 2241. The District Court appointed counsel and conducted a hearing, following which the petition was dismissed. This appeal followed.

Several contentions are made. Among them is the contention that the appellant, following his arrest, on January 1, 1961, by California state officers, was subjected to interrogation in violation of his right to counsel under Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). In the hearing below, appellant testified that upon his arrival at the police station after his arrest, he "at least three" times, asked for an attorney and was denied permission to contact one. No evidence

to the contrary was produced. All this notwithstanding, the appellant is among the convicted whose trials commenced before June 22, 1964, the date upon which the rule of *Escobedo* was announced. Consequently, appellant is in no position to invoke the rule. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

Appellant alleges that during his original interrogation he was questioned "for a period of at least six hours" and was "subjected to intense questioning, threats and harassment * * *." These allegations suggest coercion, but we have carefully reviewed the testimony given by appellant in the court below, and it is insufficient to justify a finding, implicitly negated by the District Court's order of dismissal, that the interrogation of appellant was conducted in such a manner as to infringe upon his Fourteenth Amendment rights. In fact, appellant's court-appointed counsel made no contrary claim in his oral argument before the District Court.

Appellant did not testify in the state court trial, and the prosecution commented upon his failure to do so. According to Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), the prosecution's comment was constitutionally proscribed. From the standpoint of appellant's interest, however, the rule of *Griffin* came too late. Tehan v. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966).

Appellant also contends that his court-appointed counsel did not give him effective aid before and during the trial in the state court. In the hearing below, no evidence was offered to support this claim.

Immediately after the appellant's arrest, which appellant claims to have been made without probable cause, the state police requested his permission to conduct a search of his dwelling place. Although he declined to grant the requested permission, the search was made, and its fruits were introduced into evidence in the state court trial. Appellant contends that the search was illegal, and if the search was incident to an unlawful arrest, or if it was too remote in time or place from a lawful arrest, the contention would be valid. In its brief in our court, and in its return in the court below, the appellee insists that a magistrate had properly issued a warrant which authorized the challenged search. The appellant denies that a warrant existed, and in the record before us, there is no evidence whatsoever which bears upon this dispute.[1] The District Court resolved these issues upon one legal conclusion, not upon determinations of fact or resolution of problems of mixed law and fact, writing as follows,

> "Linkletter [Linkletter v. Walker, 381 U.S. 618, 14 L.Ed.2d 601, 85 Sup.Ct. 1731 (1965)] declared that the Mapp v. Ohio, 367 U.S. 643 (1961) rule of exclusion of evidence seized in violation of the search and seizure provisions of the Fourth Amendment was required of the States by the Due Process Clause of the Fourteenth Amendment, has no retrospective application."

We do not read *Linkletter* as having "declared * * * that the rule * * * has *no* retrospective application." (Emphasis supplied.) In *Linkletter*, the Court was narrowly "concerned only with whether the exclusionary principle enunciated in *Mapp* applies to state court convictions which had become *final*[5] before rendition of our opinion." (Emphasis supplied.) 381 U.S. at 622, 85 S.Ct. at 1734. The footnote reference "5" is to significant language which reads, "By

---

1. A full transcript of the trial in the state court is not a part of the record before us, and, as far as may be determined from that which we have, it was not made available for review by the District Court.

The District Court's order of dismissal is dated July 1, 1965. The record at hand does contain a copy of a letter, dated July 11, 1965, in which the appellant inquired as to the existence of a search warrant. Under date of July 14, 1965, a Deputy Clerk of the state court replied, "We have checked [the file] and do not find that a search warrant was filed in this action in this office."

final we mean where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed· before our decision in Mapp v. [State of] Ohio." 381 U.S. 622 n. 5, 85 S.Ct. 1734. The Court recognized, with apparent approval, that its *Mapp* "decision has also been applied to cases still pending on direct review at the time it was rendered." 381 U.S. at 622, 85 S.Ct. at 1734, citing Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963), Fahy v. State of Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963), and Stoner v. State of California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964). See also O'Connor v. State of Ohio, 385 U.S. 92, 87 S.Ct. 252, 17 L.Ed.2d 189 (1966). The decision in *Mapp* was announced on June 19, 1961, when direct review of the state court conviction of the appellant in this case was still pending and, hence, not "final" within the definition established in *Linkletter*. The appellant is therefore entitled to a determination of the question raised by his allegations that his federal rights under the rule of *Mapp* were infringed by the state.[2]

It is urged that, in violation of the rule of Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed. 2d 811 (1963), there was unconstitutional deprivation of the assistance of counsel in appellant's prosecution of his appeal to the California appellate courts. The attorney appointed to conduct the appeal, after reporting to the appellate court that he believed that there was no merit in the appeal, was relieved by the court of further responsibility. The court refused to appoint another attorney. The District Court rejected the contention upon the authority of In re Nash, 61 Cal.2d 491, 39 Cal.Rptr. 205, 393 P.2d 405 (1964).

The question is not without difficulty. A court-appointed attorney should be, and usually is, relieved of his assignment if his request for such relief is timely. It is questionable, however, as to whether he should express a belief which is opposed to his client's welfare.[3] The traditional duty of an advocate is that he honorably uphold the contentions of his client. He should not voluntarily undermine them. In McCartney v. United States, 343 F.2d 471 (9th Cir. 1965), we held that one seeking post-conviction relief in the federal court had been wronged by the act of his court-appointed counsel in advising the court of his opin-

---

**2.** Appellant's trial commenced approximately two months before announcement of the *Mapp* decision. Following *Linkletter*, it was held that the rule of *Escobedo*, applicable to denial of requests for counsel, was inoperative as to those cases in which the trial commenced prior to June 22, 1964, the date of the *Escobedo* decision. If it were contemplated that the Bill of Rights ·should guarantee rights of different classes or grades, one might doubt that the right to counsel under the Sixth Amendment is less precious, at least to the accused, than the right, under the Fourth Amendment, to the inviolability of the home. Absent controlling guidance, we would believe that if the rule of *Escobedo* is inapplicable to those cases wherein the trial commenced before the date of *Escobedo*, the rule of *Mapp* should be inapplicable to cases, such as this, wherein the state court trial commenced before June 19, 1961.

From some of the language in *Linkletter*, it could have been argued that the *Mapp* rule would not be applied if the challenged search had been made before the *Mapp* decision. For example, Mr. Justice Clark wrote for the majority, "The misconduct of the police prior to *Mapp* has already occurred and will not be corrected by releasing the prisoners involved * * *. Finally, the ruptured privacy of the victims' homes and effects cannot be restored." 381 U.S. at 637, 85 S.Ct. at 1742.

**3.** It is now known that counsel was mistaken in his expressed opinion that his client's appeal was without merit. Had he persevered in advancing the contention that the prosecution's comment upon his client's failure to testify was constitutionally impermissible, he might have obtained for his client the relieving pronouncement which the Supreme Court later established in Griffin v. State of California.

ion that the prisoner's application was groundless. We wrote,

"Counsel apparently misconceived his role. It was his duty to honorably present his client's contentions in the light most favorable to his client. Instead he presumed to advise the court as to the validity and sufficiency of prisoner's motion, by letter. We therefore conclude that prisoner had no effective assistance of counsel and remand this case to the District Court with instructions to set aside the judgment, appoint new counsel to represent the prisoner if he makes no objection thereto, and proceed anew." 343 F.2d at 472.

In Douglas v. People of State of California, supra, indigents had been convicted in a state court trial. They requested the assistance of counsel on appeal. The state appellate court made, preliminarily, "an independent investigation of the record" and declined to appoint counsel upon its determination that "no good whatsoever could be served by appointment of counsel." Douglas v. People, 187 Cal.App.2d 802, 812, 10 Cal. Rptr. 188, 195. Of this, the Supreme Court held, "But where the merits of *the one and only appeal* an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor." 372 U.S. at 357, 83 S.Ct. at 816. (Emphasis in original.)

■ If the Constitution insures that an indigent who desires counsel for the prosecution of his "one and only appeal" should have one, is it reasonable to say that the guarantee is fulfilled by appointment of counsel who adds the weight of his opinion to the position of his client's adversary? We think not.[4]

Our view is not inconsistent with certain Supreme Court discussions of problems which, while related, are barely similar to ours. See Coppedge v. United States, 369 U.S. 438, 446, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962), and Johnson v. United States, 352 U.S. 565, 566, 77 S.Ct. 550, 1 L.Ed.2d 593 (1957).[5]

■ Douglas v. People of State of California was decided on March 18, 1963. On the same day, it was held that an accused indigent was entitled as of right to the aid of counsel in a state court trial. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). In ordering that Gideon be tried anew, the court applied its holding retrospectively. That it should be so applied was reaffirmed by the court in Johnson v. State of New Jersey. To say that the requirement for counsel in the trial court shall be applied retroactively and that the right in appellate proceedings shall not would be to subvert the Supreme Court's emphasis of the importance of the "sole and only appeal." We cannot do this, and we would be unwilling to do so.

The order of dismissal is vacated. Upon remand, the District Court will hold the proceedings in abeyance to afford appellee the opportunity, within thirty days, to request California's District Court of Appeal to appoint counsel for the representation of appellant and, with the assistance of such counsel, to re-

4. It does not appear that appellant was informed, either before or at the time of his request for the appointment of counsel to assist with his appeal, that the request was attended with the risk that counsel, if appointed, might, in an ex parte communication to the reviewing court, express his belief that his client's conviction should stand.

5. Cf. Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958), wherein it appears that two attorneys had been appointed to represent an indigent appellant in the Court of Appeals.

In dictum, the court wrote, "If counsel is convinced, after conscientious investigation, that the appeal is frivolous, of course, he may ask to withdraw on that account." The court emphasized, however, that "representation in the role of an advocate is required." 356 U.S. at 675, 78 S.Ct. at 975.

The court's consideration in *Ellis* was directed to a problem in connection with "leave to appeal," not to that "one and only appeal" which, in Douglas v. People of State of California and in our case, existed as a matter of absolute right.

examine and redetermine appellant's direct appeal from his conviction and to permit the California courts to have the first opportunity to determine whether or not appellant's federal rights under the rule of *Mapp* were infringed. If appellee does not initiate the additional state court proceedings, or if the state courts do not make the necessary determinations within such time as may seem reasonable to the District Court, or if further state court determinations are unfavorable to the appellant, then the District Court will reconsider the appellant's petition according to the required procedure established in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963).

Reversed and remanded with directions.

BARNES, Circuit Judge, concurs in the result.