**William A. YOUNG, Appellant,**

v.

**Richard A. McGEE, Administrator of Corrections Agency, et al., Appellee.**

No. 23044.

United States Court of Appeals
Ninth Circuit.
Aug. 22, 1969.

**474**

William A. Young in pro. per. Gladys Towles Root, Los Angeles, Cal., for appellant.

Thomas C. Lynch, Atty. Gen., Daniel J. Kremer, James T. McNally, Deputy Attys. Gen., Sacramento, Cal., for appellee.

Before MERRILL and ELY, Circuit Judges, and KILKENNY, District Judge.*

PER CURIAM:

Young is a California state prisoner, currently serving a life sentence for first degree murder. Following his conviction, in 1940, he was sentenced to die; however, life imprisonment was eventually substituted.

In the court below, Young sought relief against certain prison officials and ten million dollars damages for alleged infringement of his constitutional rights. He further requested that a three-judge court be convened to determine the validity of a portion of the California Constitution. The District Court properly denied the request for a three-judge court. The complaint does not present a substantial constitutional question. The court also dismissed the complaint, holding that it represented an attempt by Young to circumvent regular habeas corpus procedures. We affirm.

The complaint does not allege facts sufficiently setting forth a claim for relief in damages. Essentially, it is grounded on the denial of counsel in the appellate stage which followed the original conviction. Young was afforded counsel at the "trial" stage of the proceedings but was not supplied counsel for purposes of the automatic appeal to which he, having received the death sentence, was entitled under California law. This contention may or may not be meritorious in light of this court's opinion in Harders v. California, 373 F.2d 839 (9th Cir. 1967), but we do not reach the question here. We agree with the District Court that Young must present his claim in a petition for habeas corpus, and he must, of course, exhaust any California state remedies which may be now available in the light of Harders and of, also, Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Affirmed.