**Welton VANHOOK, Petitioner-Appellant,**

**v.**

**Walter E. CRAVEN, Respondent-Appellee.**

**No. 23723.**

United States Court of Appeals
Ninth Circuit.

Nov. 14, 1969.

Welton Vanhook, in pro. per.

Thomas C. Lynch, Atty. Gen., Los Angeles, Cal., for appellee.

Before BROWNING, ELY, and WRIGHT, Circuit Judges.

PER CURIAM:

Petitioner-appellant filed a petition for habeas corpus alleging violation of his constitutional rights in proceedings in the California state courts which resulted in his conviction and imprisonment for selling marihuana.

He alleged that he was denied his right to plead not guilty, to confront and cross examine witnesses, and to the effective assistance of trial counsel, because his

trial counsel stipulated to the submission of his case on the grand jury transcript, without petitioner's consent and without informing petitioner that such a submission was tantamount to a plea of guilty. The district court declined to consider the merits of this claim on the ground that it had been presented in a previous petition for habeas corpus and rejected by another judge of the district court, in a judgment affirmed by this court on August 5, 1965. Van Hook v. Eklund, 348 F.2d 920 (9th Cir. 1965).

As petitioner points out, subsequent to this court's affirmance of the district court's rejection of his first petition, the Supreme Court of the United States rendered a number of decisions which have a direct and substantial bearing upon the constitutional issues underlying his claim. *See* Brookhart v. Janis, 384 U.S. 1, 86 S. Ct. 1245, 16 L.Ed.2d 314 (1966); Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968); and Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968). In these circumstances, "the ends of justice would be served by permitting the redetermination of the ground" in a new petition. Sanders v. United States, 373 U.S. 1, 16–17, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963).

Petitioner also alleged that he was denied effective assistance of counsel in the appeal of his original conviction in the California courts and was not accorded the right guaranteed by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The district court rejected this contention on the ground that "petitioner admits that counsel filed a brief with the appellate court demonstrating counsel's belief in the lack of merit of petitioner's contentions." This appears to be a reference to petitioner's allegation that counsel "filed a three (3) page no-merit letter in the Appellate Court, and advised the Court that the appeal was without merit." But *Anders* required that counsel file "a brief referring to anything in the record that might arguably support the appeal" (386 U.S. 744, 87 S.Ct. 1400); and the district court could not know whether this requirement was complied with since the court did not have the state court records and briefs before it. The state asserts, however, that petitioner has not presented his *Anders* claim to the state courts in collateral proceedings which are still available to him.

The order denying the petition for habeas corpus is reversed and the cause is remanded to the district court. It is suggested that the district court may wish to hold the proceedings in abeyance to accord the courts of the State of California the initial opportunity to consider petitioner's first ground for relief in the light of subsequent Supreme Court decisions, and to afford petitioner the opportunity to exhaust his state remedies with respect to his second ground for relief if he has not already done so. Harders v. California, 373 F.2d 839 (9th Cir. 1969).