Robert **WILLIS**, Appellant,

v.

**UNITED STATES of America**, Appellee.

No. 73-2167.

United States Court of Appeals, Ninth Circuit.

Dec. 17, 1973.

---

## OPINION

Before ELY, HUFSTEDLER and SNEED, Circuit Judges.

### PER CURIAM:

Counsel was appointed to represent petitioner in his efforts to vacate his sentence pursuant to 28 U.S.C. § 2255. Apparently dissatisfied with his counsel's efforts, petitioner moved for assistance of the Court, alleging that counsel had failed to "properly and expeditiously" advance petitioner's claims. Counsel responded by requesting the District Court to permit his withdrawal as attorney of record for petitioner. In his supporting affidavit, counsel noted that he had reviewed the record and substance of petitioner's claim and concluded that it was without legal basis. The District Court failed to take action on either petitioner's or counsel's motion, but did grant summary judgment in favor of the Government.

■■ As we stated in McCartney v. United States, 343 F.2d 471 (9th Cir., 1965),

> Counsel apparently misconceived his role. It was his duty to honorably present his client's contentions in the light most favorable to his client. Instead he presumed to advise the court as to the validity and sufficiency of prisoner's motion, by letter.

343 F.2d at 472. Unlike the situation in McCartney, counsel in this case apparently conducted an independent investigation of the adequacy of his client's claims, and his request to withdraw was apparently in response to petitioner's claim that he was not being effectively represented. We nevertheless feel that, while it may be proper for counsel in some situations to request permission to withdraw from a case, the net effect of such action should not be to leave petitioner without effective representation.[1] Such representation requires more than an independent investigation that leads counsel to conclude the client's claim has no legal basis. It is for the court to pass on the legal basis of the claim after its presentation by counsel in as favorable a manner as it permits.

We therefore reverse and remand to the District Court with instructions to set aside the judgment and appoint new counsel prepared to investigate and advance petitioner's claims with full vigor.

Reversed and remanded.

1. We indicated in *McCartney, supra*, that, "Having thus determined that counsel should have been appointed, the District Court should have taken steps to insure effective representation." 343 F.2d at 472. *See also* Harders v. California, 373 F.2d 839 (9th Cir., 1967).