Commonwealth *v.* Whitest, Appellant.

Submitted April 26, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Paul D. Nelson* and *Lord & Mulligan,* for appellant.

*Anna Iwachiw Vadino* and *Ralph B. D'Iorio,* Assistant District Attorneys, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE MANDERINO, October 16, 1974:

This is an appeal which purports to be an appeal from the trial court's order denying appellant's petition for habeas corpus relief. On the state of the record before us, we find meaningful appellate review impos-

sible, and thus remand for proceedings consistent with this opinion.

The record before us contains almost no information concerning the history of this case. The briefs submitted to us indicate the following facts. The appellant was indicted on December 9, 1971, for the crime of murder. He was subsequently arrested on October 11, 1972, in New York and returned to Delaware County, Pennsylvania, on December 22, 1972. On January 19, 1973, appellant filed an application for a writ of habeas corpus. Relief was denied and this appeal followed.

The docket entries contained in the record before us show only that on January 19, 1973, the appellant, James Whitest, filed an application for a writ of habeas corpus. There are no other docket entries as to any other proceedings in the trial court. See Pa. R. S. Ct. 60. The docket entries do not show whether an answer was filed, or a hearing held, or an official transcript of any hearing filed, or a final order entered, or an opinion filed. Moreover, the record submitted to this Court does not contain an answer, a transcript of a hearing, a copy of any final order, or any opinion by the trial court. See Pa. R. S. Ct. 56.

The appellant's original application for a writ of habeas corpus, which is the only document from the trial court in the record before us, appears to have been prepared without the assistance of counsel and there is no indication in the record, or in any of the briefs before us, that the appellant received the assistance of counsel in the preparation of his application or any hearing held on that application. Appellant's counsel states in the brief submitted to this Court that this appeal "was taken by the appellant on his own behalf and it was subsequent to his appeal that the instant counsel was appointed."

Moreover, the brief submitted to this Court by appellant's counsel is of no assistance. The first portion

of the brief contains nine sentences arguing that there is no merit to this appeal. The second portion of the brief is a request that counsel be permitted to withdraw from the case. The brief is not an advocate's brief as required by *Anders v. California,* 386 U.S. 738, 18 L.Ed.2d 493, 87 S. Ct. 1396 (1967). *See Commonwealth v. Baker,* 429 Pa. 209, 239 A.2d 201 (1968) ; *see also Commonwealth v. Greer,* 457 Pa. 646, 326 A.2d 338 (1974) ; *Commonwealth v. Palmer,* 455 Pa. 111, 314 A.2d 853 (1974) ; *Commonwealth v. Greer,* 455 Pa. 106, 314 A.2d 513 (1974).

Under the circumstances, meaningful appellate review is not possible. The matter is therefore remanded to the trial court with the following directions:

(1) If the appellant had the assistance of counsel in the trial court or had waived the assistance of counsel, the trial court and other proper persons should submit to this Court complete docket entries and other matters in compliance with Rules 56 and 60 of this Court. Appellant's counsel shall submit a new brief which meets the requirements of *Anders* and *Baker.* The prosecution may then submit a new brief.

(2) If the appellant did not have the assistance of counsel in the trial court, and there was no waiver of such assistance, the trial court's order, if any, denying relief is vacated, and counsel shall be appointed to assist the petitioner unless appellant waives such assistance. An appropriate hearing, if necessary, shall then be held. An appeal may then be filed.

The matter is remanded for proceedings consistent with this opinion.