Commonwealth *v.* Zanine, Appellant.

362

Submitted April 19, 1971. Before BELL, C. J.,
JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BAR-
BIERI, JJ.

*Stephen G. Yusem,* for appellant.

*Steward J. Greenleaf,* Assistant District Attorney,
*William T. Nicholas,* Executive Assistant District At-
torney, *Parker H. Wilson,* First Assistant District At-
torney, and *Milton O. Moss,* District Attorney, for
Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, October 12, 1971:
On September 22, 1969, appellant Louis F. Zanine
pleaded guilty to charges of murder generally in con-
nection with the stabbing of his wife. The court deter-
mined he had committed murder in the second degree
and sentenced him to undergo a term of imprisonment
of not less than ten nor more than twenty years.

An appeal was taken on February 18, 1970. Appel-
lant's private counsel filed a petition to withdraw
from the case, which was granted on July 17, 1970. New
counsel was appointed by the trial court on August 4,

1970. He likewise concluded no colorable basis for an appeal existed, and petitioned for withdrawal. A brief, prepared in conformity with *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396 (1967) and *Commonwealth v. Baker,* 429 Pa. 209, 239 A. 2d 201 (1968) accompanied his petition and reviewed the record at length. A copy of this brief, as well as the brief of the district attorney and the transcript, have been in appellant's possession for approximately six months.

Under *Anders,* it is now for our Court to determine whether the case is wholly frivolous.* See also *Commonwealth v. Baker,* supra. By pleading guilty appellant waived his right to challenge anything but the voluntariness of his plea and the legality of his sentence. See, e.g., *Commonwealth v. Dillinger,* 440 Pa. 336, 269 A. 2d 505 (1970); *Commonwealth v. Stokes,* 426 Pa. 265, 232 A. 2d 193 (1967). Appellant's sentence was clearly legal, and thus our principal area of inquiry is the voluntariness of appellant's plea.

---

* The pertinent language in *Anders* is as follows: "The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae.* . . . His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel— then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." Id. at 744, 87 S. Ct. at 1400.

An extensive on-the-record colloquy occurred covering twenty pages of the notes of testimony, during which appellant was questioned by his own counsel, the district attorney, and the court concerning his decision to plead guilty. The requirements of due process and Rule 319 of the Pennsylvania Rules of Criminal Procedure were more than satisfied. Appellant was informed of the crime for which he was charged, the presumption of innocence, his right to have the Commonwealth prove its case without any testimony on his part, his right to trial by jury, his right of appeal, and the range of penalties. Appellant acknowledged he was aware of these rights but wished to plead guilty. He affirmed that no "deals" concerning leniency had been made and that he knew in any case the court would not be bound by such an arrangement.

In sum, the colloquy was a thorough examination of appellant, apprising him of the exact significance of his actions. He was twenty-nine years old, had attended high school, and was in possession of all his faculties. We accordingly hold this appeal to be wholly frivolous, and the judgment of sentence of the Court of Common Pleas of Montgomery County is affirmed.