Commonwealth *v.* Bell, Appellant.

Submitted August 1, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Charles A. Lord,* for appellant.

*Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, October 4, 1972:

On April 17, 1969, appellant pleaded guilty to murder generally and was found guilty of murder in the second degree. On October 10, 1969, he was sentenced to a term of imprisonment of not less than seven nor more than twenty years. An appeal was filed on November 16, 1969, which appeal was continued on five separate occasions. The appeal was dismissed on January 14, 1972, but reinstated on January 20, 1972. Thereafter, appellant's counsel sought leave to withdraw as counsel for appellant. His petition for leave was accompanied by an *"Anders"* brief.[1] A copy of that *Anders* brief was furnished to appellant, and an opportunity was afforded to him to raise any points which he chose to raise. It is now our function to determine whether the appeal has merit. *Commonwealth v. Baker,* 429 Pa. 209, 239 A. 2d 201 (1968).

The situation which exists in this appeal is a virtual duplication of the situation which we encountered in *Commonwealth v. Zanine,* 444 Pa. 361, 282 A. 2d 367 (1971). As here, Zanine pled guilty to murder generally and was found guilty of murder in the second degree. His counsel concluded that no colorable basis

---

[1] *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396 (1967).

for an appeal existed, petitioned for withdrawal and prepared an *Anders* brief, a copy of which was furnished to the appellant with time allowed to raise any points which he wished to raise. In *Zanine* we said, at page 363: "By pleading guilty appellant waived his right to challenge anything but the voluntariness of his plea and the legality of his sentence. [Citing cases.] Appellant's sentence was clearly legal, and thus our principal area of inquiry is the voluntariness of appellant's plea."

As in *Zanine*, an extensive on-the-record colloquy was held in this case, in full compliance with the requirements of due process and the Rules of Criminal Procedure. That colloquy established clearly that the plea was entered voluntarily, that appellant had discussed the facts and the nature of the charge with counsel, that no promises had been made, that appellant understood the function of the court with respect to the determination of the degree of guilt, that he understood the possible penalties involved, the various degrees of homicide and the nature of any defense, his right to a trial by jury and the scope of appellate review after a guilty plea. There is nothing in this record to indicate that petitioner's guilty plea was anything other than a knowing and intelligent act.

Judgment of sentence affirmed.