Commonwealth *v.* Jones, Appellant.

Submitted November 8, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Mitchell W. Miller,* and *Levi, Mandel and Miller,* for appellant.

*Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A.*

*Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, March 16, 1973:

Appellant, James William Jones, Jr., in a Philadelphia jury trial, was convicted of voluntary manslaughter. His trial counsel filed post-trial motions, but later in open court, appellant, himself, requested that the post-trial motions be withdrawn. The court then imposed a sentence of six to twelve years imprisonment.

Subsequently appellant instituted a pro se appeal from the judgment of sentence and new counsel was appointed to assist him prosecute the appeal. However, the new appointed counsel submitted a brief in this Court stating that after "conscientiously reviewing the record of the trial below" he concluded that although "there were irregularities occurring in the trial below which amount to grounds for an appeal" nevertheless "the voluntary withdrawal of . . . [post-trial] motions by the defendant precludes the defendant and his present counsel from arguing these otherwise meritorious grounds before this Court." Counsel's brief asserted that he had reviewed the record, and explicitly detailed why appellant had waived his right to appeal by voluntarily withdrawing his post-trial motions.

Counsel concluded by stating that he was "firmly of the opinion that defendant appellant, by withdrawing his motions after trial, has waived his rights to appeal to this court. Counsel is prompt to admit that an examination of a full record does reveal colorable grounds that should be brought to the attention of this Court but the waiver of appellate rights would prevent present counsel from so doing." For this reason counsel requested leave to withdraw from the case under *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396

(1967) and *Commonwealth v. Baker,* 429 Pa. 209, 239 A. 2d 201 (1968).

The brief submitted by counsel does not comport with the requirements of *Anders* or *Baker* and therefore counsel's request to withdraw is premature.

*Anders* was a continuation of the battle over "discrimination against the indigent defendant on his first appeal." *Anders,* supra at 741, 87 S. Ct. at 1398. In *Anders* the United States Supreme Court dealt with the problem of "the extent of the duty of a court-appointed appellate counsel to prosecute a first appeal from a criminal conviction, after that attorney has conscientiously determined that there is no merit to the indigent's appeal." *Anders,* supra at 739, 87 S. Ct. at 1397. Recognizing that even diligent counsel may conclude there is no merit to an indigent's appeal, the Court in *Anders* nevertheless wanted to assure that the quality of justice afforded an indigent would not vary with the extent of his resources. "For there can be no equal justice where the kind of an appeal a man enjoys 'depends on the amount of money he has'." *Douglas v. California,* 372 U.S. 353, 355, 83 S. Ct. 814, 816 (1963). See also *Gideon v. Wainwright,* 372 U.S. 335, 83 S. Ct. 792 (1963); *Griffin v. Illinois,* 351 U.S. 12, 76 S. Ct. 585 (1956).

In pursuance of this goal of equal justice for all criminal appellants the Supreme Court stated:

"The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae.* The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivo-

lous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; *the court—not counsel— then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.* If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

"This requirement would not force appointed counsel to brief his case against his client but would merely afford the latter that advocacy which a nonindigent defendant is able to obtain. It would also induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel. The no-merit letter, on the other hand, affords neither the client nor the court any aid. The former must shift entirely for himself while the court has only the cold record which it must review without the help of an advocate." *Anders,* supra at 744-45, 87 S. Ct. at 1400 (footnote omitted) (emphasis added).

In *Commonwealth v. Baker,* supra at 211, 239 A. 2d at 202, this Court, quoting extensively from *Anders,* noted that it is "fundamental to the notion of equal justice for all that the indigent defendant receive just as spirited a defense as the man who can retain private counsel." We there held that the assistance given the

appellant was inadequate where it did not meet *all* of the requirements mandated by *Anders.*

The express requirements of *Anders* are threefold. Before appointed counsel may withdraw from an appeal, he must, after a thorough examination of the record and his determination that the appeal is wholly frivolous, (1) request permission of the court to withdraw; (2) accompany his request with a brief referring to anything in the record *that might arguably support the appeal;* and (3) furnish a copy of such brief to the indigent client in time to allow him to present the appeal in propria persona or request appointment of new counsel. *Anders,* supra at 744, 87 S. Ct. at 1400; *Baker,* supra at 214, 239 A. 2d at 203.

The corollary mandates of *Anders* are equally clear. Counsel must act as an advocate, and not merely as an amicus curiae. See *Ellis v. United States,* 356 U.S. 674, 78 S. Ct. 974 (1958); *Lee v. Habib,* 424 F. 2d 891, 899-900 (D.C. Cir. 1970); *Vanhook v. Craven,* 419 F. 2d 1295 (9th Cir. 1969); *Suggs v. United States,* 391 F. 2d 971 (D.C. Cir. 1968); *Commonwealth v. Villano,* 435 Pa. 273, 256 A. 2d 468 (1969); cf. *United States v. Greenwell,* 418 F. 2d 846 (4th Cir. 1969). Nor is it for counsel to decide the merits of the case. The American Bar Association Project on Standards for Criminal Justice, Standards Relating to Criminal Appeals, §3.2 (Approved Draft, 1970), specifically directs that counsel should not be the one to determine whether the appeal lacks merit. Rather he should act solely as an advocate.[1]

---

[1] "3.2 Counsel on appeal

. . .

"(b) Counsel should not seek to withdraw from a case because of his determination that the appeal lacks merit.

"(i) Counsel should give his client his best professional estimate of the quality of the case and should endeavor to persuade the client to abandon a wholly frivolous appeal, or to eliminate particular contentions that are lacking in any substance.

Nor should counsel by seeking to act as an amicus curiae, brief the case against his client. *Suggs v. United States, supra; Smith v. United States,* 384 F. 2d 649 (8th Cir. 1967). In *Suggs v. United States, supra,* counsel's *"Anders"* brief was so clearly inimical to the interests of his client that it was actually adopted by the government. Judge LEVENTHAL, speaking for the D. C. Circuit noted: "Appointed counsel is of course

"(ii) If the client wishes to proceed, it is better for counsel to present the case, so long as his advocacy does not involve deception or misleading of the court. After preparing and filing a brief, on behalf of the client, counsel may appropriately suggest that the case be submitted on briefs." American Bar Association Project on Standards for Criminal Justice, Standards Relating to Criminal Appeals, §3.2(b) (Approved Draft, 1970).

The Commentary to this section provides: "The responsibility of counsel assigned to represent an indigent appellant requires that the lawyer serve his client as an advocate. It is not appropriate for counsel to act as an amicus curiae or as adviser to the court. Before the merits of an indigent's appeal are determined by a court, he is entitled to the advocacy of a lawyer in his behalf. If the lawyer acts as a court would, the position of the appellant is not at all improved and may be made worse. The Ninth Circuit expressed this concern in terms of lack of notice to the indigent appellant that counsel, if appointed, might give an *ex parte* communication to the court which 'adds the weight of his opinion to the position of his client's adversary.' Harders v. California, 373 F. 2d 839, 843 (9th Cir. 1967). The Supreme Court has stated clearly that the attorney's task is to advocate, not to judge, the appellant's case. See Anders v. California, 386 U.S. 738 (1967); Swenson v. Bosler, 386 U.S. 258 (1967); Entsminger v. Iowa, 386 U.S. 748 (1967); Ellis v. United States, 356 U.S. 674 (1958)." Id. Commentary at 75.

In *Suggs v. United States,* 391 F. 2d 971, 975 (D.C. Cir. 1968), in this identical context the D. C. Circuit admonished: "Our role as a court is as arbiter of the interests of Government and accused. We cannot successfully and constitutionally perform that function unless we consider a presentation devoted to arguments for the accused, leaving it to us to determine whether and to what extent they have merit. That is our understanding, at least, of the philosophy underlying Anders."

not required to accept a client's views by asserting points his good conscience would reject even at the loss of a handsome fee. At the same time counsel cannot file a brief against his client. It is one thing for a prisoner to be told that appointed counsel sees no way to help him, and quite another for him to feel sandbagged when the counsel appointed by one arm of the Government seems to be helping another to seal his doom." Id. at 974.[2] In *Smith v. United States,* supra at 650, the Eighth Circuit was moved to say that "the cause of advocacy is not served to read a brief filed by appel-

---

[2] In an appendix to its opinion in *Suggs* the District of Columbia Circuit explained precisely what were the duties of appointed counsel to the indigent client on appeal.

"Counsel appointed by the Court of Appeals or the District Court to represent an indigent appellant or petitioner for allowance of appeal in a criminal case should understand that he is not an *amicus curiae.* His duty to the indigent is fully equivalent to his duty to a client who has retained him. He should not conclude that the appeal or petition presents no legally non-frivolous question until he has made a careful exploration of both the facts and the law of the matter; and adequate representation in this regard would include personal interviews if in the same circumstances you would consider this useful or desirable were you representing a private client. Ordinarily at least one interview by counsel would appear to be useful.

"Counsel should, of course, not ask to withdraw as appointed counsel unless in the same circumstances he would insist on withdrawal if he had been retained. As a general rule, the court will be greatly aided if appointed counsel remains in a case, even though he may be subjectively unimpressed with the merits of the available points. See McCoy v. United States, 125 U.S. App. D.C. 202, 370 F. 2d 224 (1966) ; Johnson v. United States, 124 U.S. App. D.C. 29, 360 F. 2d 844 (1966).

"If, after making a conscientious investigation, counsel then concludes that the appeal or petition presents no non-frivolous issues, he may seek leave to withdraw. Anders v. State of California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (May 8, 1967) ; and see Ellis v. United States, 356 U.S. 674, 78 S. Ct. 974, 2 L. Ed. 2d 1060 (1958)." *Suggs,* supra at 977-78.

lant's own counsel asserting the government's position in the case."

*Anders* and *Baker* also make it abundantly clear that a mere letter to the court that in counsel's opinion the appeal would be unavailing is constitutionally insufficient. See *Merkel v. Beto*, 387 F. 2d 854 (5th Cir. 1968) ; *Commonwealth v. Haywood*, 436 Pa. 522, 261 A. 2d 78 (1970) ; cf. *DeMarrias v. United States*, 444 F. 2d 162 (8th Cir. 1971) ; *Smith v. Cox*, 435 F. 2d 453 (4th Cir. 1970).

It is readily apparent that counsel here has failed to comply with the requirements of *Anders* and *Baker*. Counsel's *"Anders* brief" merely recites counsel's reasons why appellant is *not* entitled to an appeal, but lists no reasons in support of the appeal,[3] although counsel willingly concedes that there are "meritorious grounds" for appeal. It is beyond dispute that before counsel is entitled to withdraw from this appeal he must first act as an advocate, and thoroughly discuss and present all possible grounds "that might arguably support the appeal". Counsel's effort here, arguing that his client had waived all rights to an appeal, is the virtual equivalent of a brief for the Commonwealth, or at best, perhaps, the brief of an amicus curiae. It is certainly not that "of an active advocate in behalf of his client", and, in fact it *may* be a representation by counsel to the court which "adds the weight of his opinion to the position of his adversary." *Harders v. California*, 373 F. 2d 839, 843 (9th Cir. 1967).

Moreover, it is unclear from the record whether counsel has sufficiently complied with the third mandate of *Anders* and *Baker* that he send a copy of his brief to appellant in sufficient time so that he may

---

[3] Counsel did argue that the one ground for appeal which had not been waived was the legality of the sentencing procedure. However, he concluded that there were no irregularities in that procedure which would support an appeal.

supplement his brief or present the appeal in propria persona if appellant so desires. Until counsel has fulfilled *all* of the requirements of *Anders* and *Baker* this Court must reject his request for permission to withdraw from this appeal. It is only upon completion of his assistance as an *Anders-Baker* advocate that appointed counsel may seek leave to withdraw.

It is directed that counsel file a brief consistent with this opinion.

Mr. Chief Justice JONES dissents.