Commonwealth *v.* Rightnour, Appellant.

386

Submitted May 22, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Richard D. Walker*, Public Defender, for appellant.

*Marion E. MacIntyre*, Deputy District Attorney, and *LeRoy S. Zimmerman*, District Attorney, for Commonwealth, appellee.

Opinion Per Curiam, September 19, 1973:

Appellant, Leon Ernest Rightnour, was convicted in 1966 of the first degree murder of his wife and sentenced to life imprisonment. On appeal we affirmed by an evenly divided court. *Commonwealth v. Rightnour*, 455 Pa. 104, 253 A. 2d 644 (1969). In 1970, appellant filed an uncounselled petition under the Post Conviction Hearing Act,[1] which was dismissed without a hearing. This appeal is from that dismissal.

Subsequent to the submission of the case to this Court, appellant filed a *pro se* petition alleging that the appeal brief submitted by petitioner's appointed counsel, the Public Defender of Dauphin County, did not conform with the rules of this Court pertaining to the form and content of such briefs, and that the brief did not consider certain issues which petitioner felt should be asserted on appeal. The relief requested was dismissal of appellant's lawyer and the appointment of alternative counsel.[2]

Though recognizing that the challenged brief did not conform to our Rules 52 and 54, and that the Defender's representation of appellant fell short of the effective assistance of counsel mandated by the federal constitution, we declined at that time to take formal action on the petition. Instead, we requested, through the Prothonotary, that counsel either (1) conform his brief to the rules of this Court and expand it to include the previously unargued points; or (2) file a brief complying with requirements established by the Supreme Court of the United States in *Anders v. Cali-*

[1] Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1.

[2] The *pro se* petition was captioned: "Petition for Disqualification of Brief for Appellant and For Reappointment of Counsel." Accompanying this petition was a motion made pursuant to our former Rule 42 (now 34) asking for permission to submit the petition to the Court.

388

*fornia,* 386 U.S. 738, 18 L. Ed. 2d 493 (1967), a decision which we have followed and implemented on several occasions. See, e.g., *Commonwealth v. Jones,* 451 Pa. 69, 301 A. 2d 811 (1973); *Commonwealth v. Bell,* 449 Pa. 1, 295 A. 2d 307 (1972); *Commonwealth v. Zanine,* 444 Pa. 361, 282 A. 2d 367 (1971); *Commonwealth v. Baker,* 429 Pa. 209, 239 A. 2d 201 (1968).

Regrettably, after a delay of greater than six months, counsel filed a supplemental brief which continues to be woefully inadequate under either of the above alternatives. Whatever the reasons for this situation, we have no choice at this point but to grant appellant's petition for disqualification of counsel. Accordingly, the case is remanded to the Court of Common Pleas of Dauphin County with directions that new counsel, not associated with the Office of the Public Defender, be appointed to represent appellant on this appeal. New counsel should be instructed specifically to brief, inter alia, the issue of the propriety of disallowance of proffered psychiatric testimony at appellant's 1966 trial, as affected by:

(1) Sections 3 and 4 of the Post Conviction Hearing Act, Act of 1966, January 25, P. L. (1965) 1580, 19 P.S. 1180-3, 4;

(2) *Neil v. Biggers,* 409 U.S. 188, 34 L. Ed. 2d 401 (1972);

(3) *Commonwealth v. McCusker,* 448 Pa. 382, 292 A. 2d 286 (1972).

The Commonwealth, of course, may then file a supplemental brief if it so desires. This Court will retain jurisdiction meanwhile, and will list the case for oral argument when briefs have been submitted.