Commonwealth *v.* Palmer, Appellant.

Submitted November 8, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Simon S. Berman* and *Richard, DiSanti & Hamilton,* for appellant.

*Vram Nedurian, Jr.,* Assistant District Attorney, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, January 24, 1974:

Appellant, Edward Palmer, pleaded guilty to murder generally and was found guilty of murder in the second degree. Sentence of five to ten years imprisonment was imposed. On this direct appeal,[1] appointed counsel requests permission to withdraw from further representation. However, counsel has not met the prerequisites to withdrawal. *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396 (1967); *Commonwealth v. Baker,* 429 Pa. 209, 239 A.2d 201 (1968). Accordingly, we direct the filing of a constitutionally-adequate brief.

We have today again restated our holding in *Commonwealth v. Baker,* that *Anders v. California,* requires a three-part withdrawal procedure. *Commonwealth v. Greer,* 455 Pa. 106, 314 A.2d 513 (1974). First, counsel must request permission to withdraw; second, he must submit a brief referring to any part of the record which might arguably support an appeal; third, counsel must furnish a copy of his brief to his client and allow time for either an appeal in propria persona or appointment of new counsel. The important corollary to these requirements is that prior to withdrawing counsel must thoroughly examine the record and decide that any ground for appeal is wholly frivolous. See *Commonwealth v. Greer,* supra at 108, 314 A.2d at 514-15; *Anders v. California,* supra at 744, 87 S. Ct. at 1400; *Commonwealth v. Baker,* supra at 214, 239 A.2d at 203.

Counsel here has submitted a brief that is little more than an argument for affirmance. In the course of argument, counsel admits that "an arguable issue perhaps may be raised regarding comprehension from the fact that the appellant [a chronic alcoholic] may not have had a recollection of having committed the crime

---

[1] This Court has jurisdiction pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp. 1973).

with which he was charged."[2]   This is not an advocate's brief.[3]

Neither is there any indication that counsel has provided appellant a copy of his "brief."   This defect in itself demands refusing the withdrawal request.   *Anders v. California,* supra at 744, 87 S. Ct. at 1400; *Commonwealth v. Greer,* supra at 110, 314 A.2d at 515; *Commonwealth v. Baker,* supra at 213-14, 239 A.2d at 203.

As in *Commonwealth v. Greer,* counsel failed to comply with the *Anders-Baker* requirements.   Although it is alleged here that any appeal would be frivolous, no advocate's brief has been filed, nor, apparently, is appellant cognizant of counsel's course of action.   See *Commonwealth v. Greer,* supra.

Counsel is directed to file a brief consistent with this opinion.

---

[2] Brief for Appellant at 5.

[3] *Anders v. California,* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967) ; *Commonwealth v. Greer,* 455 Pa. 106, 110, n.5, 314 A.2d 513, 515, n.5 (1974) ; *Commonwealth v. Jones,* 451 Pa. 69, 73-76, 301 A.2d 811, 814-15 (1973) ; *Commonwealth v. Baker,* 429 Pa. 209, 213-14, 239 A.2d 201, 203 (1968).