Commonwealth v. Greer, Appellant.

Submitted November 8, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Barry H. Denker,* and *Shuman, Denker & Land,* for appellant.

*James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, October 16, 1974:

Appellant, Robert Greer, pleaded guilty to voluntary manslaughter. On direct appeal to this Court* appellant's appointed counsel requested permission to

---

* Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp. 1974).

withdraw from further representation. We concluded that because the constitutional prerequisites to withdrawal had not been satisfied, withdrawal would not be permitted. *Commonwealth v. Greer,* 455 Pa. 106, 314 A.2d 513 (1974); see *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396 (1967); *Commonwealth v. Baker,* 429 Pa. 209, 239 A.2d 201 (1968). Counsel has now, in accordance with our earlier order, complied with the *Anders-Baker* standard and has been permitted to withdraw. Appellant has declined to supplement counsel's brief and we will therefore consider the merits of this appeal on the basis of that brief.

When he pleaded guilty to voluntary manslaughter, appellant waived the right to challenge anything but the legality of his sentence and the voluntariness of his plea. *Commonwealth v. McNeill,* 453 Pa. 102, 104, 305 A.2d 51, 53 (1973); *Commonwealth v. Zanine,* 444 Pa. 361, 363, 282 A.2d 367, 368 (1971); *Commonwealth v. Stokes,* 426 Pa. 265, 267-68, 232 A.2d 193, 194 (1967).

The sentence imposed—one and one-half to ten years imprisonment—was lawful. Act of June 24, 1939, P.L. 872, § 703, 18 P.S. § 4703 (1963) (now 18 Pa.C.S. § 2503 (1973), see 18 Pa.C.S. § 1103 (1973)). The only remaining inquiry is whether appellant's plea was voluntary.

Examination of the extensive on-the-record colloquy indicates that appellant knowingly, intelligently, and voluntarily tendered his plea of guilty. See *Commonwealth v. Bell,* 449 Pa. 1, 2-3, 295 A.2d 307, 308-09 (1972); *Commonwealth v. Zanine,* supra, at 364, 282 A.2d at 368. See also *Commonwealth v. Maddox,* 450 Pa. 406, 300 A.2d 503 (1973); Pa. R. Crim. P. 319, 319A; ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty §§ 1.4-.6 (Approved Draft, 1968); ABA Project on Standards for Criminal Justice, Standards Relating to the Function of the Trial Judge §§ 4.1-.2 (Approved Draft, 1972).

The judgment of sentence is affirmed.