Commonwealth *v.* Seville, Appellant.

Submitted June 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John W. Packel,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*David Richman,* Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., December 11, 1974:

In this appeal, we must determine whether the public defender's motion to withdraw as counsel for the appellant satisfies the requirements of *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Baker*, 429 Pa. 209, 239 A. 2d 201 (1968).

Appellant was found guilty of robbery and aggravated assault and battery in a trial without jury before the Honorable Maurice W. SPORKIN of the Common Pleas Court of Philadelphia County. Appellant has appealed this conviction. Appellant's public defender now asks permission to withdraw his representation of appellant, arguing that there are no issues in the record upon which counsel could reasonably base an argument with any expectation of obtaining appellate relief.

The defender's office has submitted a brief discussing the only tenable contentions appearing of record. In accordance with *Baker*, supra, counsel has presented an advocate's brief for each of the four arguments, and has indicated his reasons for believing them to be frivolous and without merit.

Appellant was positively identified by complainant, Lucius Rivers, and Raymond Reese, who was walking with complainant at the time of the robbery. Both complainant and Reese knew appellant from the neighborhood. Appellant presented an alibi through four witnesses. It was within the province of the trier of fact to resolve credibility in favor of the Commonwealth's witnesses, thereby rejecting appellant's alibi. An appeal alleging insufficiency of evidence would therefore be frivolous.

The day after appellant's arrest, the complainant and Reese identified him at a counselless line-up. The suppression hearing judge denied appellant's motion to suppress the pretrial identification after the Commonwealth indicated that it would not make use of the

counselless line-up at trial. Both complainant and Reese knew appellant from the neighborhood. Based on their prior observations and acquaintance with the appellant, it cannot be successfully argued that the counselless line-up tainted the subsequent in-court identifications.

Although appellant waived a jury trial, it appears that he was fully apprised of his right to a jury and that his waiver was made knowingly and voluntarily. Finally, the sentence imposed on appellant was within lawful limits, and there is no indication that the trial judge abused his discretion in imposing the sentence.

We conclude that counsel has fully and fairly presented the arguments which an advocate could make on appeal in favor of appellant and has shown them to be frivolous, as required by *Baker,* supra. Counsel has fully notified appellant of the order that counsel is seeking and of appellant's rights to maintain his appeal without counsel or with new counsel, as required by *Commonwealth v. Greer,* 455 Pa. 106, 314 A. 2d 513 (1974).

We, therefore, grant counsel's application to withdraw from further representation of appellant in this case, without prejudice to appellant's right to continue this appeal pro se or to retain other counsel.

DISSENTING OPINION BY CERCONE, J.:
I must dissent.

### I.

I think this court should today recognize that little, if anything, is gained by anyone in permitting appointed counsel to withdraw in cases involving allegedly frivolous appeals. I, therefore, suggest that we discontinue the practice.

It is apparent that many of the county defenders' offices across the Commonwealth have simply ceased

requesting to withdraw in *Anders-Baker* situations. The reason is that so long as they are required to research and prepare an advocate's brief for appellant's use, they might just as well submit it for the purposes of an ordinary appeal, and not orally argue the case. In fact, this practice is supported by the American Bar Association Project on Standards for Criminal Justice, Standards Relating to Criminal Appeals, §3.2 (Approved Draft, 1970), which provides:

"3.2 Counsel on appeal

. . .

"(b) Counsel should not seek to withdraw from a case because of his determination that the appeal lacks merit.

"(i) Counsel should give his client his best professional estimate of the quality of the case and should endeavor to persuade the client to abandon a wholly frivolous appeal, or to eliminate particular contentions that are lacking in any substance.

"(ii) If the client wishes to proceed, it is better for counsel to present the case, so long as his advocacy does not involve deception or misleading of the court. After preparing and filing a brief, on behalf of the client, counsel may appropriately suggest that the case be submitted on briefs." See also *Commonwealth v. Jones,* 451 Pa. 69, 73-74, n. 1, 301 A. 2d 811, 814, n. 1 (1973).

It therefore appears that the better practice, both practically and theoretically speaking, is simply not to permit the withdrawal of appointed counsel when the only reason for so doing is the frivolous nature of the appeal. This would also remove the confusion concerning what is meant by a wholly frivolous, yet arguable, issue—the very problem which apparently troubles the Philadelphia Public Defender's Office.[1]

---

[1] As Mr. Justice Stewart pointed out in his dissenting opinion in *Anders*: "The Court today holds this procedure unconstitutional,

I would therefore deny in this case, and future cases, all requests to withdraw based upon the frivolous nature of the appeal.

## II.

However, even though the court retains the practice of permitting the withdrawal of counsel, the instant request should nevertheless be denied. The brief filed by the Philadelphia Public Defender's Office in the instant case is indistinguishable from the one most recently condemned by our Supreme Court in *Commonwealth v. Greer*, 455 Pa. 106 (1974), and should be rejected. Even a cursory examination of it demonstrates that its sole function is to support counsel's request to withdraw. It completely fails to refer to anything in the record which arguably supports the underlying appeal. *Anders v. California*, 386 U.S. 738, 744-45 (1967); *Commonwealth v. Baker*, 429 Pa. 209, 212 (1968). The brief, which should be designed to be useful to appellant when he subsequently proceeds in propria persona, states the "Argument" as follows: "There are no issues in the record in which counsel could reasonably base an argument with a chance of securing relief on behalf of appellant." Counsel then raises four general areas of appellate inquiry which he argues and resolves against his client in an effort to demonstrate the hopelessness of appellant's situation. The brief then concludes by reiterating counsel's statement of the argument. There is no separate request to withdraw in accordance with the preferred practice under the *Anders-Baker* line of cases. *Com-*

---

and imposes upon appointed counsel who wishes to withdraw from a case he deems 'wholly frivolous' the requirement of filing 'a brief referring to anything in the record that might arguably support the appeal.' But if the record did present any such 'arguable' issues, the appeal would not be frivolous and counsel would not have filed a 'no-merit' letter in the first place." 386 U.S. at 746.

*monwealth v. Baker,* 429 Pa. at 214. There is also no statement by counsel that he deems the appeal to be wholly frivolous. *Commonwealth v. Greer,* 455 Pa. at 109.

Although past efforts to clarify the conditions precedent to our granting counsel's request to withdraw have apparently not aided the Philadelphia Public Defender's Office, we should again attempt to do so.

First, counsel should submit a *separate* request to withdraw in the form of a petition which avers the following: (1) That counsel has thoroughly examined the record of the proceedings below and has determined that any appeal he might pursue would be wholly frivolous; (2) That counsel has informed his client of his intention to withdraw, and has forwarded a copy of the *attached* brief in sufficient time to allow his client to prosecute his appeal in propria persona or to request the appointment of new counsel.

Second, counsel should include as an *appendix* to his petition a copy of the advocate's brief which he forwarded to his client. By an advocate's brief I mean one which raises arguments in favor of his client's interests, not a brief arguing in support of his request to withdraw. While the arguments may be frivolous in a legal-logical sense, they still may be valid arguments when measured by some less circumscribed standard of rational debate.

At least if this procedure is followed the client will not feel wholly abandoned and lost in, what must necessarily appear to him to be, a complex legal maze. He will not be able to rationally maintain that he has been denied that measure of justice which our constitutional system requires—the right to be assisted by counsel on his first direct appeal. As the Supreme Court stated in *Anders* at p. 744: "The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in

behalf of his client, as opposed to that of *amicus curiae.* The no-merit letter and the procedure it triggers do not reach that dignity." A fortiori, a brief which "effectively amounts to an argument in support of affirmance . . . does not satisfy the constitutional standard." *Commonwealth v. Greer,* 455 Pa. at 110.

I would, therefore, reject counsel's request to withdraw and order counsel either to proceed with the appeal on behalf of his client, or file a proper "Anders-Baker Petition" according to the procedure outlined above.