369 A.2d 1209

**COMMONWEALTH of Pennsylvania**

v.

**George ROUNDTREE.**

Supreme Court of Pennsylvania.

Submitted March 29, 1976.

Decided Feb. 28, 1977.

Joshua M. Briskin, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

OPINION

PER CURIAM:
Order affirmed.

ROBERTS, J., filed a dissenting opinion.

ROBERTS, Justice (dissenting).

In this appeal from the denial of post-conviction relief, appellant's court appointed counsel submitted a brief, contending that "there are no issues present in the record of the instant case upon which counsel could personally base an argument with any chance of securing appellant relief." The brief did not meet the standards set in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L. Ed.2d 493 (1967) and *Commonwealth v. Jones,* 451 Pa. 69, 301 A.2d 811 (1973), and this Court directed counsel to file a new brief meeting those standards. Counsel filed a new brief which was substantially the same as the first brief, and thus does not meet *Anders* standards. Instead of requiring counsel to meet the instructions of this Court, however, the majority affirms the denial of post-conviction relief. I dissent.

The first brief submitted by counsel was sketchy and conclusory, providing this Court with little or no assistance in determining whether appellant had any meritorious claims. Most important, counsel briefed the case against his client.

In *Anders,* the United States Supreme Court held: "[T]he constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae.*" 386 U.S. at 744, 87 S.Ct. at 1400, 18 L.Ed.2d at 498. In *Commonwealth v. Jones,* 451 Pa. 69, 301 A.2d 811 (1973), this Court set out the standards applicable to appointed counsel:

"Nor is it for counsel to decide the merits of the case. The American Bar Association Project on Standards

for Criminal Justice, Standards Relating to Criminal Appeals, § 3.2 (Approved Draft, 1970), specifically directs that counsel should not be the one to determine whether the appeal lacks merit. Rather he should act solely as an advocate.

Nor should counsel by seeking to act as an amicus curiae, brief the case against his client."

Id. at 73–74, 301 A.2d at 814.

After this Court directed counsel to file a new brief comporting with *Anders,* counsel filed a five and one-half page typewritten brief. The first four and one-half pages of the new brief are a verbatim copy of the history of the case and argument from the previous brief. On the final page of the new brief, counsel reviews some general principles of law applicable to appellant's case, and states that there is one argument for granting appellate relief. Instead of providing any reasoning in support of that argument, however, counsel "asserts that he is unable to present any other argument for granting appellate relief."

Counsel has not complied with our instruction to file a new brief which comports with *Anders.* Indeed, he has filed essentially the same brief which we previously found to be inadequate. The brief is still sketchy, conclusory, and briefed against his client. Whether counsel's action stems from incompetence, intransigence, or simple laziness, it should not be rewarded. Yet the majority, instead of requiring counsel to meet the standards set by this Court, affirms the denial of post-conviction relief. In so doing, the majority ill serves the purpose of ensuring that lawyers before this Court maintain professional standards, and that indigent defendants are afforded due process and equal protective rights to effective counsel on appeal.