378 A.2d 428

**COMMONWEALTH of Pennsylvania**

v.

**Darrell Ray HALL, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 8, 1976.

Decided Oct. 6, 1977.

Simon B. John, Assistant Public Defender, Uniontown, for appellant.

Conrad B. Capuzzi, District Attorney, Uniontown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

On March 2, 1976 appellant, Darrell Hall, on the advice of counsel pleaded guilty to charges of robbery and criminal mischief. The court below subsequently imposed a sentence of no fewer than two, nor more than five, years imprisonment and ordered appellant to make restitution and pay the costs of prosecution. This appeal ensued, in connection with which appellant's appointed counsel from the public defender's office of Fayette County seeks leave to withdraw. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968). For the reasons which follow this request must be denied and the case will be remanded for the filing of an appropriate advocate's brief. See *Commonwealth v. Perry*, 464 Pa. 272, 346 A.2d 554 (1975).

Appellant's brief in this appeal states the question involved as follows: "Are there any issues in the record which counsel could reasonably base an argument with a chance of securing relief for appellant?" Counsel answers this ques-

tion, "No." The brief then relates a sketch history of the case, cites two cases supporting his request to withdraw, and reiterates part of the colloquy from the guilty plea hearing. Counsel then concludes:

"Counsel for the appellant in the instant case assert that they are unable to raise or argue issues which would entitle appellant to relief and therefore request permission to withdraw from further representation. A copy of this brief has been served on appellant with instructions that any additional reasons in support of his appeal be submitted to the Superior Court of Pennsylvania."

No matter how liberally we read this brief, we cannot conclude that counsel has provided appellant the spirited defense and assumed the role of an active advocate on behalf of his client which the Supreme Court required of appointed counsel in *Anders v. California*, supra. Instead, counsel has assumed a role prohibited to him, that of an *amicus curiae*. *Commonwealth v. Perry*, 464 Pa. at 275, 346 A.2d 554; *Commonwealth v. Greer*, 455 Pa. 106, 109, 314 A.2d 513 (1974). First, the brief counsel has submitted in the instant case is not an advocate's brief, except in the sense that it advocates granting his request to withdraw. See *Commonwealth v. Palmer*, 455 Pa. 111, 112, 314 A.2d 853 (1974). And, second, counsel does not certify that any argument he could make on appeal would be wholly frivolous. Instead, counsel only states that he is "unable to raise or argue issues which would entitle appellant to relief . . . ." Statements of this nature are reminiscent of the no-merit letters which the United States Supreme Court condemned in *Anders*, and the certification which our Supreme Court held insufficient in *Commonwealth v. Greer*, supra. See also ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Providing Defense Services § 5.3 (Approved Draft, 1968). Lack of merit in an appeal is not the legal equivalent of frivolity. *Id.* For the foregoing reasons, counsel's request to withdraw must be denied.

At this juncture, ordinarily we would merely remand for a brief in conformance with this opinion. See, e. g., *Commonwealth v. Greer*, supra. However, the instant case is more troublesome insofar as it appears that counsel may have had little difficulty filing an advocate's brief, albeit not necessarily a prevailing one, had he faithfully adhered to his obligation to "thoroughly examine the record and determine whether his client's case is wholly frivolous." *Commonwealth v. Greer*, 455 Pa. at 106, 314 A.2d at 514. Having read the colloquy conducted by the trial court in connection with appellant's guilty plea, we are not convinced that it complied with the requirements of Pa.R.Crim.P., Rule 319.

First, appellant disputed some of the relevant facts concerning the crime, in particular he denied having beaten the alleged victim. This is especially important since the court refused to accept a plea bargain recommended by the Commonwealth, which would have reduced the charge against appellant to larceny, because it disbelieved appellant's assertion that he did not assault the victim. Furthermore, the factual basis for the guilty plea as set forth in the record was, at best, marginally acceptable. See, *Commonwealth v. Maddox*, 450 Pa. 406, 300 A.2d 503 (1973); *Commonwealth v. Jackson*, 450 Pa. 417, 299 A.2d 209 (1973). Second, it is questionable whether the court complied with *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974), in outlining the elements of the crimes with which appellant was charged and ascertaining that he understood those elements. Finally, in light of the foregoing, it is certainly arguable that the court erred in denying appellant's attempt to withdraw his guilty plea which counsel made by oral motion at the sentencing hearing.

Although it is possible that appellant is now satisfied that he is guilty of the offenses charged and that his sentence was just, on the current state of the record we cannot assume that to be so, nor can we conjecture that is a valid explanation for counsel's failure to attempt to challenge the validity of appellant's guilty plea. Indeed, on the facts of record now before us, we would find it impossible to permit

counsel to withdraw even had he complied with the other requirements of the *Anders-Baker* line of caselaw.

Counsel's petition for leave to withdraw is denied, and the case is remanded with directions to counsel to prepare and file a proper advocate's brief on the merits.

JACOBS and HOFFMAN, JJ., concur in the result.