385 A.2d 501

**COMMONWEALTH of Pennsylvania**

v.

**Norman Gene YOKES, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 8, 1976.

Decided April 13, 1978.

Stephen Toole, Special Assistant Public Defender, Meadville, for appellant.

Douglas Morgan and Donald E. Lewis, Assistant District Attorneys, and Ballard F. Smith, Jr., District Attorney, Meadville, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

Appellant was convicted by a jury of possession and delivery of a controlled substance. Following sentence, an attorney from the Crawford County Public Defender's office filed an appeal with this court consisting of a brief and a petition to withdraw as counsel for appellant. The petition will be denied, for counsel has not complied with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

"Anders has been interpreted and applied by the Pennsylvania Supreme Court in a long line of cases beginning with *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968), with the result that a simple, step-by-step procedure, as outlined by the Supreme Court, has evolved. Thus in *Commonwealth v. Greer*, 455 Pa. 106, 314 A.2d 513 (1974), the Court found that the following sequence is constitutionally mandated. First, counsel must thoroughly examine the record to see if his client's case is wholly frivolous. Second,

if counsel concludes it is, he must petition the court for permission to withdraw. Third, counsel must submit, with his petition to withdraw, a brief referring the court to any part of the record that might arguably support an appeal. Finally, counsel must 'furnish a copy of this brief to his client in time to allow an appeal in propria persona or a request for appointment of new counsel.' 455 Pa. at 108, 314 A.2d at 514." *Commonwealth v. Liska,* 252 Pa.Super. 103 at 106, 380 A.2d 1303, at 1304 (1977, footnote omitted).

Here counsel's brief summarizes the evidence presented at trial, raises two arguable claims, and concludes that neither claim has merit. Appellant's brief at 9, 12. This is not the advocate's brief required by *Commonwealth v. Greer, supra.* The case therefore is within the first of the three possible situations described in *Commonwealth v. Liska, supra* : "First, upon inspection of the petition and the brief submitted with it, we may find that counsel has not fulfilled all the requirements of *Anders* and *Baker.* In that case the petition for withdrawal must be denied, and counsel directed to comply in all respects with the requirements. *Commonwealth v. Greer, supra; Commonwealth v. Palmer,* [455 Pa. 111, 314 A.2d 853 (1974)]; *Commonwealth v. Jones,* [451 Pa. 69, 301 A.2d 811 (1973)]; *Commonwealth v. Hall,* 250 Pa.Super. 13, 378 A.2d 428 (1977)." *Id.,* 252 Pa.Super. at 109, 380 A.2d at 1305.

Furthermore, counsel's petition to withdraw merely certifies that appellant has been provided with a copy of the brief and petition; it does not certify, as required in *Commonwealth v. Greer, supra,* that counsel has furnished "a copy of [his] brief to his client in time to allow an appeal in propria persona or request for appointment of new counsel." *Id.,* 455 Pa. at 108, 314 A.2d at 514.

The petition to withdraw is denied, and appellant's counsel is directed to comply with the requirements set forth in *Commonwealth v. Greer,* 455 Pa. 106, 314 A.2d 513 (1974), within thirty days of the entry of this order.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.